Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER    7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Glen Kaneshige, Eric Hashizume, Michael Young, Ronald Taketa, Kyle Chock, Blake T. Inouye, Conrad C. Verdugo, Jr., Juan Padasdao, Jr., Travis Murakami; Nathaniel Kinney and Dione Kalaola; *Apprenticeship & Training Fund by its trustees* Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Patrick Gill, Patrick Palmer, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Lito Alcantra, Nathaniel Kinney, Travis Murakami, Lance Wilhelm, Barbara Kono and Dione Kalaola; *Vacation & Holiday Fund by its trustees* Paul Silen, Paul Sasaki, Nathaniel Kinney, Jay Kadowaki, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell | CIVIL NO. <br><br> COMPLAINT; EXHIBIT "A" |

| | |
|---|---|
| Tynanes, Roy Shioi, Travis Murakami, Tom Broderick, Juan Padasdao, Jr. and Fred Kim; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Nathaniel Kinney, Lance Wilhelm, Sean Newcamp, Kyle Chock, Mitchell Tynanes, Michael Young, Travis Murakami; Dale Sakamoto-Yoneda and Juan Padasdao, Jr.; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Lance Watanabe, Kyle Chock, Ronald Taketa, Shaun Shumizu, Sean Newcamp, Blake T. Inouye, Nathaniel Kinney, Dione Kalaola, Joyce Furukawa, Travis Murakami and Juan Padasdao, Jr.; *Hawaii Carpenters New Retiree Medical Plan by its trustees* Eric Hashizume, Ronald Taketa, Michael Young, Kyle Chock, Blake T. Inouye, Juan Padasdao, Jr., Conrad C. Verdugo, Jr. and Travis Murakami; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Lance Watanabe, Kyle Chock, Ronald Taketa, Blake T. Inouye, Sean Newcamp, Nathaniel Kinney, Shaun Shimizu, Joyce Furukawa, Dione Kalaola, Travis Murakami and Juan Padasdao, Jr.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CENTRAL CONSTRUCTION, INC.; | ) |

2

| | |
|---|---|
| JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs above named, by and through their counsel, Miller Shea, LLLC, and for causes of action against Defendant CENTRAL CONSTRUCTION, INC., allege and aver as follows:

1. Plaintiffs identified above are the trustees of the Hawaii Carpenters Trust Funds, which include the Health & Welfare Trust Fund, Apprenticeship & Training Fund, Vacation & Holiday Fund, Market Recovery Program Fund, Financial Security Fund, New Retiree Medical Fund, and 401-K Fund (hereinafter referred to collectively as the "Trust Funds" or "Plaintiffs").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust

3

Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. §§1002).

       4.     The Trust Funds are informed and believe, and thereon allege, that at all relevant times herein Defendant CENTRAL CONSTRUCTION, INC. was and is a domestic limited liability company registered and doing business in the State of Hawaii, and within the United States District Court, District of Hawaii.

       5.     DOE DEFENDANTS are sued herein under fictitious names for the reason that their true names, identities and/or responsibilities to PLAINTIFFS are currently unknown except that they were in some manner involved in the conduct alleged herein and/or are somehow related to or in some manner responsible for the damages alleged herein by way of their negligence, breach of contract, breach of warranties, strict liability and/or other fault. Said DOE DEFENDANTS may include, but are not limited to, individuals and/or business entities, their principals, agents and/or employees who have dealt with

any of the named DEFENDANTS.

      6.    On or about May 2, 2007, Defendant CENTRAL CONSTRUCTION, INC. had made, executed and delivered to the United Brotherhood of Carpenters & Joiners of America, Local 745, AFL-CIO, a Collective Bargaining Agreement ("CBA"). Under the terms of the CBA, CENTRAL CONSTRUCTION, INC. promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by CENTRAL CONSTRUCTION, INC.'s covered employees. As part of the CBA, the Trust Funds would and did pay certain employee benefits to CENTRAL CONSTRUCTION, INC.'s covered employees and eligible dependents. Attached hereto as Exhibit "A" is a true and correct copy of the Certification of Receipt and Acceptance for the CBA signed by CENTRAL CONSTRUCTION, INC. CENTRAL CONSTRUCTION, INC. has continuously renewed the CBA up to and including the present.

      7.    Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA.

      8.    In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's

covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in the CBA, to permit audits and to allow inspection of their payroll records so that Plaintiffs are able to ascertain whether all contributions due have been paid.

9. Defendant is obligated to the Trust Funds to permit audits and allow inspection of its payroll and other records to confirm the amounts owed pursuant to the CBA. Despite repeated requests by Plaintiffs, Defendant has failed to, and continues to fail to, permit audits and to allow inspection of its payroll and other records as provided by the CBA so that Plaintiffs are able to ascertain whether all contributions due have been paid.

10. Defendant's obligations to the Trust Funds to permit audits and allow inspection of its payroll records, and pay trust fund contributions, are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages upon completion of an audit and up to the time of trial or proof.

11. In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due

to each respective fund or twenty dollars($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

12. In accordance with the terms of the CBA and 29 U.S.C. §1132(g)(2), the Trust Funds are entitled to recover liquidated damages in lieu of the liquidated damages described in paragraph 11 above, in a sum equivalent to interest in the rate of twelve percent (12%) per annum on all unpaid contributions, if such amount is greater than the liquidated damages described in paragraph 11 above.

13. Under the terms of the CBA and 29 U.S.C. §1132(g)(2), the Trust Funds are entitled to interest at the rate prescribed by the collective bargaining agreement of twelve percent (12%) per annum on any unpaid trust fund contributions.

14. In accordance with the terms of the CBA, Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered under the provisions of the CBA, and said workers performed work and labor undertaken by Defendant during the time the CBA was in full force and effect.

15. Based on records provide by Defendant, as of July 31, 2023,

there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, interest, lost earnings, and liquidated damages as follows:

<u>Account No. 13599-IU</u>:

| | |
|---|---|
| Contributions | $28,778.38 |
| Liquidated Damages | $27,434.11 |
| 12% Interest | $1,843.24 |
| 401(k) Lost Earnings Interest | $70.87 |
| **Amount Due:** | **$58,126.60** |

Thus, a total of $58,126.60 is owed to the Trust Funds together with additional interest at a per diem rate of twelve percent (12%) per annum until judgment and such other further amounts as may be proven at trial on hearing of proof.

16. Defendant's obligations to the Trust Funds to report covered hours worked and to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages up to the time of trial or proof.

17. At all times mentioned herein, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages suffered by the Trust Funds as a result of the non-payment of said trust fund contributions by Defendant. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and

compensate the Trust Funds for the damages suffered by the Trust Funds arising from the non-payment of trust fund contributions by Defendant.

18.   In accordance with the terms of the CBA and 29 U.S.C. §1132(g)(2)(D), Defendant further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of contributions, lost earnings, and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

19.   It has been necessary for the Trust Funds to engage counsel for the purpose of collecting the trust fund contributions, lost earnings, and liquidated damages described above, and to compel production of payroll records to perform an audit, and the Trust Funds are entitled to reasonable attorneys' fees and costs in connection therewith pursuant to the CBA and 29 U.S.C. §1132(g)(2).

WHEREFORE, the Plaintiffs pray for judgment against Defendants as follows:

(a)   That the Court compel and order Defendants to submit timely reports and payments in accordance with the terms of the collective bargaining agreement.

(b)   That the Court compel and order Defendants to produce certain time sheets and payroll records and permit the Trust Funds to audit their payroll books and records as allowed by the collective bargaining agreement.

(c)  That the Defendants remit to the Trust Funds such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, plus such other amounts as may be due and owing at the time of trial or hearing on proof.

(d)  That Defendants furnish to each of the seven (7) Plaintiffs' trust funds a surety bond or cash-in-escrow in the amount of Defendant's last three months of contributions or $5,000.00, whichever is greater.

(e)  That the Trust Funds recover from Defendants the principal sum of $ in contributions, $ in liquidated damages, 12% interest in the amount of $, and 401(k) and Lost Earnings Interest of, and such further amounts as may be proven at trial or hearing on proof.

(f)  That the Trust Funds recover from Defendants such additional amounts as may, by proof, be shown to be due and owing at the time of trial or hearing on proof.

(g)  That the Trust Funds recover from Defendants their costs of court, disbursements and reasonable attorneys' fees due pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2).

(h)  That the Trust Funds have such further and additional relief as the Court deems just and proper.

DATED:   Honolulu, Hawaii, October 25, 2023.

                /s/ Jeffrey P. Miller
                JEFFREY P. MILLER
                Attorneys for Plaintiffs
                TRUSTEES OF THE HAWAII
                CARPENTERS TRUST FUNDS