Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER     7559-0
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Glen Kaneshige, Eric Hashizume, Michael Young, Ronald Taketa, Kyle Chock, Blake T. Inouye, Conrad C. Verdugo, Jr., Juan Padasdao, Jr., Travis Murakami; Nathaniel Kinney and Dione Kalaola; *Apprenticeship & Training Fund by its trustees* Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Patrick Gill, Patrick Palmer, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Lito Alcantra, Nathaniel Kinney, Travis Murakami, Lance Wilhelm, Barbara Kono and Dione Kalaola; *Vacation & Holiday Fund by its trustees* Paul Silen, Paul Sasaki, Nathaniel Kinney, Jay Kadowaki, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell | CIVIL NO. 23-00433 HG-KJM<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST CENTRAL CONSTRUCTION, INC.<br><br><br><br>Hearing Date:  May 22, 2024<br>Time:  8:15 a.m.<br>Judge:  The Honorable Kenneth J. Mansfield<br><br>No Trial Date Set. |

| | |
|---|---|
| Tynanes, Roy Shi oi, Travis Murakami, Tom Broderick, Juan Padasdao, Jr. and Fred Kim; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Nathaniel Kinney, Lance Wilhelm, Sean Newcamp, Kyle Chock, Mitchell Tynanes, Michael Young, Travis Murakami; Dale Sakamoto-Yoneda and Juan Padasdao, Jr.; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Lance Watanabe, Kyle Chock, Ronald Taketa, Shaun Shumizu, Sean Newcamp, Blake T. Inouye, Nathaniel Kinney, Dione Kalaola, Joyce Furukawa, Travis Murakami and Juan Padasdao, Jr.; *Hawaii Carpenters New Retiree Medical Plan by its trustees* Eric Hashizume, Ronald Taketa, Michael Young, Kyle Chock, Blake T. Inouye, Juan Padasdao, Jr., Conrad C. Verdugo, Jr. and Travis Murakami; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Lance Watanabe, Kyle Chock, Ronald Taketa, Blake T. Inouye, Sean Newcamp, Nathaniel Kinney, Shaun Shimizu, Joyce Furukawa, Dione Kalaola, Travis Murakami and Juan Padasdao, Jr.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CENTRAL CONSTRUCTION, INC.; JOHN DOES 1-100; JANE DOES | ) ) |

2

| | |
|---|---|
| 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**FINDINGS AND RECOMMENDATION TO
ENTER DEFAULT JUDGMENT AND AWARD
<u>DAMAGES AGAINST CENTRAL CONSTRUCTION, INC.</u>**

On October 25, 2023, Trustees of the Hawaii Carpenters Trust Funds ("HCTF" or "Trust Funds") filed a Complaint against Central Construction, Inc. ("Defendant Central"). ECF No. 1.

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

Service of the Complaint and Summons was effected upon Defendant Central on February 24, 2024 through Myrtle Matsumoto, Defendant Central's Secretary and Treasurer. ECF No. 16. Upon service of the Complaint and Summons, Defendant Central failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, HCTF requested that default be entered against Defendant Central, and on March 27, 2024, the Clerk of the

3

Court made an Entry of Default of Defendant Central. ECF Nos. 18, 19.

On April 5, 2024, HCTF filed a motion for entry of default judgment against Defendant Central in the amount of $235,983.62 for contributions, liquidated damages, and interest owed to HCTF ("Motion"). ECF No. 20.

HCTF also requested their attorneys' fees and costs incurred in pursuing this action in the reasonable amount of $1,572.29. ECF No. 20-1 at 9–10; ECF No. 20-2 at 4 ¶ 10; ECF No. 20-5. Further, HCTF expect to incur an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for drafting the Motion and finalizing the order and judgment thereafter. ECF No. 20-1 at 10; ECF No. 20-2 at 4 ¶ 11. Accordingly, HCTF requested attorneys' fees and costs in the amount of $2,357.63. ECF No. 20-1 at 10; ECF No. 20-2 at 4 ¶ 11.

The Motion came on for hearing on May 22, 2024, before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant Central. ECF Nos. 27, 22. Jeffrey P. Miller, Esq., appeared on behalf of HCTF. Defendant Central failed to appear after three calls by the courtroom manager and failed to otherwise respond to the Motion.

## **FINDINGS**

Having reviewed the Motion, the attached declaration of Jeffrey P. Miller, the attached declaration of Sarah Kobayashi, and the exhibits thereto, and

the record established in this action, this Court finds as follows:

        1.      At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

        2.      Defendant Central is a signatory to the Collective Bargaining Agreement ("CBA") with the Hawaii Regional Council of Carpenters. Pursuant to the CBA, each month Defendant Central is required to submit to the HCTF' office a report detailing the number of hours each of its employees worked on a union jobsite for the previous calendar month. The report details the hourly benefit rate for each of the trust funds for each employee, based on the employee's classification, and calculates the amount of contributions owed under the CBA based on the classification of the employee and the number of hours worked. The employer is required to submit the reported hours and calculated contributions to HCTF no later than the twenty fifth day of the month following the work performed in the prior calendar month. Defendant Central is also obligated to

HCTF to permit audits and allow inspection of its payroll and other records to confirm the amounts owed pursuant to the CBA.

3. Despite repeated requests by HCTF, Defendant Central has failed to, and continues to fail to, pay all contributions, liquidated damages, and interest owed pursuant to the CBA.

4. The Complaint seeks payment of contributions, liquidated damages, and interest which Defendant Central was required to make pursuant to the CBA. Based on HCTF' report dated April 4, 2024, there is now known to be due, owing and unpaid to HCTF from Defendant Central, contributions, lost earnings, and liquidated damages as follows as of April 4, 2024:

| | |
|---|---|
| Contributions | $136,603.99 |
| Liquidated Damages | $84,063.53 |
| 12% Fund Interest | $14,772.71 |
| 401k Lost Earnings Interest | $543.39 |
| **TOTAL** | $235,983.62 |

ECF No. 20-6 at 4–5 ¶ 4; ECF No. 20-7.

5. Defendant Central's obligations to HCTF to pay trust fund contributions are continuing obligations and Defendant Central may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or proof.

6. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Defendant Central further promised that if it became necessary for HCTF to take

legal action to enforce payment of contributions, liquidated damages, and interest pursuant to the terms of the CBA from Defendant Central, Defendant Central would be obligated pay all of HCTF' court costs, collection costs, and reasonable attorneys' fees.

7. Defendant Central breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

8. HCTF are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant Central's employees both before and after April 4, 2024.

9. As fiduciaries, HCTF have standing under 29 U.S.C. §§ 1132(a)(3) and 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

10. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Evaluating all of the *Eitel* factors, default judgment against Defendant Central is appropriate.

11. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

12. This Court reviewed the billing records of HCTF' counsel and the declarations attached to the Motion. Upon said review, this Court finds the attorneys' fees and costs in the amount of $2,357.63 to be reasonable, necessarily incurred, and directly related to the services provided herein.

## RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant Central Construction, Inc., be entered against Central Construction, Inc., for contributions in the sum of $235,983.62, inclusive of liquidated damages, 12% interest, and 401(k) Lost Earnings Interest, and attorneys' fees and costs in the amount of $2,357.63, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after April 4, 2024, for a total default judgment in the amount of $238,341.25.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 24, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

_____
*Hawaii Carpenters Trust Funds vs. Central Construction, Inc.*; Civil No. 23-00433 HG-KJM; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST CENTRAL CONSTRUCTION, INC.